UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIK VARGAS, MARCO CHAVEZ and RIGOBERTO OSORNIO,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>RYSZARD GORZ CONSTRUCTION INC., RYSZARD GORZ, individually, RAFAL ROPIAK CONSTRUCTION, and RAFAL ROPIAK, individually,<br><br>　　　　　　Defendants. | |

## COMPLAINT AT LAW

Plaintiffs, Erik Vargas, Marco Chavez and Rigoberto Osornio (collectively referred to as "Plaintiffs"), by and through their attorneys, Caffarelli & Associates Ltd., for their Complaint at Law against Ryszard Gorz Construction Inc., Ryszard Gorz, Rafal Ropiak Construction, and Rafal Ropiak, individually (collectively referred to as "Defendants"), state as follows:

## NATURE OF ACTION

1.　　Plaintiffs bring this lawsuit as a multi-plaintiff action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. 105/1, *et seq.* ("IMWL"). Specifically, Defendants violated the FLSA by failing to pay Plaintiffs one and one-half times their regular rate of pay ("overtime") for all hours worked over forty (40) in individual workweeks.

2.　　Plaintiffs also allege claims under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA"), for Defendants' failure to pay their final compensation owed at the time their employment with Defendants ended.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action under the provisions of the FLSA pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4. The unlawful employment practices described herein were committed within the State of Illinois, at Defendants' job sites located in and around Cook County, Illinois. Accordingly, venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff Erik Vargas ("Vargas") resides in Chicago, Illinois and was employed by Defendants as a laborer from on or about June 21, 2014 through on or about December 20, 2014.

6. Plaintiff Marco Chavez ("Chavez") resides in Chicago, Illinois and was employed by Defendants as a laborer from on or about June 20, 2014 through on or about December 20, 2014.

7. Plaintiff Rigoberto Osornio ("Osornio") resides in Chicago, Illinois and was employed by Defendants as a laborer from in or about 2004 through on or about December 10, 2014.

8. Ryszard Gorz Construction Inc. ("Gorz Construction") is an Illinois corporation engaged in the business of construction in Illinois. Gorz Construction's principal place of business is located in Chicago, Illinois.

9. Defendant Ryszard Gorz ("Gorz") is the president and/or owner of Gorz Construction. During the relevant time period, Gorz had the authority to, and did, hire and fire employees of the Gorz Construction; direct and supervise the work of Gorz Construction

employees; sign on the Gorz Construction's checking accounts, including payroll accounts; and make or participate in decisions regarding employee compensation for the Gorz Construction.

10. Gorz Construction is an "enterprise" as defined in 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

11. Defendant Rafal Ropiak ("Ropiak") is the owner of Rafal Ropiak Construction ("Ropiak Construction"). Ropiak had the authority to, and did, hire and fire employees of Ropiak Construction; direct and supervise the work of Ropiak Construction employees; sign on Ropiak Construction checking accounts, including payroll accounts; and make or participate in decisions regarding employee compensation for Ropiak Construction.

12. Upon information and belief, Ropiak Construction is a sole proprietorship engaged in the business of construction with its principal place of business is located in Franklin Park, Illinois.

13. Ropiak Construction paid Plaintiffs for work performed from Ropiak Construction's checking and/or payroll accounts.

14. Ropiak Construction is an "enterprise" as defined in 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1)(A).

15. During the statutory period, Plaintiffs were employed by Defendants as "employees" and Defendants were "employers" as defined by the FLSA.

16. During the statutory period, Plaintiffs were employed by Defendants as "employees" and Defendants were "employers" as defined by the IMWL.

17. During the statutory period, Plaintiffs were employed by Defendants as "employees" and Defendants were "employers" as defined by the IWPCA.

18. During the course of their employment, Plaintiffs were not exempt from the maximum hours provisions of the FLSA, 29 U.S.C. § 207.

19. During the course of their employment, Plaintiffs were not exempt from the maximum hours provisions of the IMWL, 820 Ill. Comp. Stat. 105/4a.

## FACTUAL ALLEGATIONS

20. Defendants employed Vargas as a laborer from on or about June 21, 2014 through on or about December 20, 2014.

21. Throughout the course of his employment, Defendants paid Mr. Vargas a regular rate of $17.00 per hour.

22. Defendants did not issue Mr. Vargas his final payment for the hours he worked between on or about December 8, 2014 through on or about December 20, 2014.

23. Defendants employed Chavez as a laborer from on or about June 20, 2014 through on or about December 20, 2014. Chavez worked an average of fifty-seven (57) hours per week.

24. Throughout the course of his employment, Defendants paid Mr. Chavez a regular rate of $16.00 per hour.

25. Defendants did not issue Mr. Chavez his final payment for the hours he worked between on or about December 8, 2014 through on or about December 20, 2014.

26. Defendants employed Osornio as a laborer from in or about 2004 through on or about December 20, 2014.

4

27.     At the time of his separation from employment, Defendants paid Mr. Chavez a regular rate of $18.00 per hour.

28.     Defendants did not issue Mr. Osornio his final payment for the hours he worked between on or about December 2, 2014 and on or about December 20, 2014.

29.     Throughout the course of their employment, Defendants paid Plaintiffs their wages on a bi-weekly basis.

30.     On multiple occasions throughout the course of their employment, Defendants failed to pay Plaintiffs within thirteen days of the end of the pay period.

31.     Throughout the course of their employment, Defendants paid Plaintiffs through checks made payable to "Cash."

32.     Throughout the course of their employment, Defendants did not issue pay statements to Plaintiffs that indicated the number of hours they worked during the pay period.

33.     Plaintiffs regularly worked in excess of forty (40) hours per individual workweek.

34.     Plaintiffs were entitled to be compensated at a rate of one and one-half times their regular rates of pay (the "overtime" rate of pay) for all hours worked in excess of forty (40) per individual workweek.

35.     Defendants failed to compensate Plaintiffs at an overtime rate of pay for all time worked in excess of forty (40) hours in individual workweeks

36.     Defendants were aware of their obligation to pay employees overtime and intentionally chose not to pay Plaintiffs accordingly.

37.     Defendants acted in bad faith in failing to properly compensate Plaintiffs for the work they performed.

## COUNT I – FAIR LABOR STANDARDS ACT – OVERTIME
(All Plaintiffs Against All Defendants)

38. Plaintiffs restate and incorporate Paragraphs 1 through 37 as though fully set forth herein.

39. This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 201, *et seq.*, for their failure to pay Plaintiffs at the overtime rate for all hours worked in excess of forty (40) per workweek.

40. Plaintiffs were entitled to be paid at the overtime rate for all hours worked in excess of forty (40) per workweek.

41. Defendants failed to pay Plaintiffs at the overtime rate for all hours worked over forty (40) in a workweek.

42. Defendants' failure to pay compensation to Plaintiffs at the applicable overtime rate for hours worked in excess of forty (40) hours per workweek is a violation of the FLSA.

43. Defendants knew their obligations under the FLSA, but deliberately or recklessly chose not to heed them, as demonstrated by their compensation policy and methods of payment utilized to mask the hours Plaintiffs worked in excess of forty (40) hours per week. Thus, Defendants' failure to pay overtime wages is a willful violation of the FLSA.

WHEREFORE, Plaintiffs Erik Vargas, Marco Chavez and Rigoberto Osornio respectfully request that this Court enter an order as follows:

a) Awarding judgment for all unpaid back pay, including overtime, equal for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations for willful violations of the FLSA;

b) Awarding liquidated damages in an amount equal to the amount of unpaid compensation found due pursuant to 29 U.S.C. § 216(b);

    c)    Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

    d)    Awarding reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act;

    e)    Entering an injunction precluding Defendants from violating the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; and

    f)    Awarding such additional relief as the Court may deem just and proper.

**COUNT II – ILLINOIS MINIMUM WAGE LAW – OVERTIME**
**(All Plaintiffs Against All Defendants)**

44.    Plaintiffs restate and incorporate Paragraphs 1 through 37 as though fully set forth herein.

45.    The matters set forth in this Count arise from Defendants' violations of the IMWL for their failure to pay Plaintiffs at the overtime rate for all hours worked in excess of forty (40) per workweek.

46.    At all times relevant herein, Defendants have been an "employer" as defined by the IMWL. 820 Ill. Comp. Stat. 105/3(c).

47.    Pursuant to the IMWL, for all weeks during which Plaintiffs worked in excess of forty (40) hours, they were entitled to be compensated at the overtime rate.

48.    Plaintiffs regularly worked in excess of forty (40) hours per workweek.

49.    Defendants violated the IMWL by failing to compensate Plaintiffs at the overtime rate for all hours worked in excess of forty (40) hours per workweek.

50.    Pursuant to 820 Ill. Comp. Stat. 105/12(a), Plaintiffs are entitled to recover unpaid wages earned in the three (3) years prior to the filing of this Complaint, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiffs Erik Vargas, Marco Chavez and Rigoberto Osornio respectfully request that this Court enter an order as follows:

a) Awarding judgment in the amount of all unpaid back pay owed to each Plaintiff pursuant to the IMWL;

b) Awarding prejudgment interest on the back pay in accordance with 815 Ill. Comp. Stat. 205/2;

c) Awarding statutory damages pursuant to the formula set forth in 820 Ill. Comp. Stat. 105/12(a);

d) Awarding reasonable attorneys' fees and costs incurred in filing this action; and

e) Ordering such other and further relief as this Court deems appropriate and just.

### COUNT III – ILLINOIS WAGE PAYMENT AND COLLECTION ACT
### (All Plaintiffs Against All Defendants)

51. Plaintiff restates and incorporates Paragraphs 1 through 37 as though fully set forth herein.

52. The matters set forth in this Count arise from Defendants' violations of the IWPCA for their failure to pay Plaintiffs' final compensation and their failure to timely pay wages.

53. At all times relevant, Plaintiffs were "employees" of Defendants, as defined by the IWPCA, 820 Ill. Comp. Stat. 115/2.

54. At all times relevant, Defendants were "employers" of Plaintiffs, as defined by the IWPCA, 820 Ill. Comp. Stat. 115/2.

55. Pursuant to the IWPCA, Defendants are required to pay their employees their final compensation at the time of separation or no more than the next regularly scheduled payday. 820 Ill. Comp. Stat. 115/5.

56. Plaintiffs were paid bi-weekly throughout the course of their employment.

57.     Mr. Vargas and Mr. Chaves resigned their employment with Defendants on or about December 20, 2014.  Mr. Osornio resigned his employment with Defendants on or about December 10, 2014.

58.     Defendants did not provide Plaintiffs with their final compensation.

59.     Pursuant to the IWPCA, Defendants must pay their employees in U.S. currency or by check redeemable upon demand by the employee no later than thirteen (13) days after the end of the pay period.  820 Ill. Comp. Stat. 115/4.

60.     Throughout their employment, Plaintiffs often received their paychecks more than thirteen (13) days after the end of the pay period.

61.     Pursuant to 820 Ill. Comp. Stat. 115/14(a), Plaintiffs are entitled to recover unpaid wages earned, plus statutory damages in the amount of two percent (2%) per month of the amount of underpayments.

WHEREFORE, Plaintiffs Erik Vargas, Marco Chavez and Rigoberto Osornio respectfully request that this Court enter an order as follows:

a)      Awarding judgment in an amount equal to all unpaid wages owed to Plaintiffs pursuant to 820 Ill. Comp. Stat. 115/14.

b)      Awarding prejudgment interest and statutory damages in accordance with 820 Ill. Comp. Stat. 115/14(a);

c)      Awarding reasonable attorneys' fees and costs incurred in filing this action; and

d)      Ordering such other and further relief as this Court deems appropriate and just.

Dated: April 1, 2015                                       Respectfully submitted,
                                                           ERIK VARGAS, MARCO CHAVEZ
Alejandro Caffarelli, #06239078                            and RIGOBERTO OSORNIO
Alexis D. Martin, #06309619
Caffarelli & Associates Ltd.
224 S. Michigan Ave., Ste. 300                             By: /s/ Alejandro Caffarelli
Chicago, Illinois 60604                                        Attorney for Plaintiffs
Tel. (312) 763-6880